# United States Court of Appeals for the Fifth Circuit

———————————

No. 24-10811
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

June 13, 2025

Lyle W. Cayce
Clerk

Ivery Clark Williams,

*Plaintiff—Appellant*,

*versus*

Bryan Collier; Michael Adams,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-103

———————————————————————

Before Barksdale, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Ivery Clark Williams, an extremely "frequent filer" and proceeding *pro se* in district court and on appeal, challenges the Federal Rule of Civil Procedure 12(c) dismissal of his: civil-rights action under 42 U.S.C. § 1983; and state-law tort claims. Now on parole, Williams asserts that defendants

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10811

erred in their recordkeeping, leading to an incorrect computation of his sentences and improper revocation and denials of parole.

Defendants moved to dismiss Williams' complaint under Rule 12(c), based on, *inter alia*, *res judicata* and sovereign immunity. The district court granted the motion and dismissed the complaint with prejudice. We review Rule 12(c) dismissals *de novo*, applying "the same standard used for deciding motions to dismiss pursuant to [Federal Rule of Civil Procedure] 12(b)(6)". *Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins. Co.*, 29 F.4th 252, 256 (5th Cir. 2022).

Although *pro se* briefs are liberally construed, *pro se* litigants must brief challenges to a district court judgment for our court to consider them. *E.g.*, *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). Williams' initial brief, however, does not address *res judicata*, immunity, or appropriate legal standards. (It is worth noting that his reply brief does not cure the deficiency even though the Government addressed the relevant issues in its brief.) Failing to identify any error in the district court's decision "is the same as if [Williams] had not appealed that judgment". *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

AFFIRMED.